## WILLIAMS'S CASE.

*Surrogate's Court, County of New York, December, 1865.*

PRIORITY OF RIGHT TO LETTERS OF ADMINISTRATION.

Where a person entitled to be appointed administrator in preference to others, loses the appointment by failing to give the security required, and another person is appointed, the preference is thereby lost; and the surrogate cannot, on a subsequent application of the former, revoke the latter appointment and appoint the former merely because the former has become able to give such security.

Petition by Mrs. Mary G. Williams, for a grant of letters of administration on the estate of her late husband, Elijah D. Williams, deceased.

The petitioner had formerly applied for letters of administration, and consented in writing to be joined with John Owen, a

stranger to the estate, not otherwise entitled to administration. Letters were accordingly issued to them jointly, as administrator and administratrix, on the 7th day of June, 1864. Their bond was a joint bond in the usual form, with two sufficient sureties.

On the 3d day of November, 1864, both the sureties on the bond applied to the surrogate to be released from responsibility on account of the future acts or defaults of Mrs. Williams as administratrix. A citation was issued to her, and she failing to give new sureties, the letters of administration were revoked by the surrogate, as to her, on the 26th of November, leaving Mr. Owen the sole administrator.

On the 3d December, 1864, Mrs. Williams presented the present petition for letters of administration on the goods and chattels of the intestate, in her right as a widow, reciting these facts in her petition, and alleging that she is now able to furnish security according to law and to the satisfaction of the surrogate.

*C. E. Whitehead*, for the petitioner.

*H. W. Robinson*, for the administrator.

Tucker, *Surrogate.*—The only question I feel called upon to decide in this case is, whether the widow, having thus lost the right of administration, and it having passed to a stranger by operation of law, has now the power to reclaim the right and revoke her consent.

I have nothing to do with the hardship of the case. It is true that the policy of the law does not favor the intrusting of the administration and settlement of estates to strangers. But it is also true that in all cases where the widow or next of kin has lost the right which the law first confers on them, the law does give it to strangers.

The consent once given by the widow cannot be revocable. Upon that consent and the consequent issue of joint letters of administration, the administrator stood upon an equal footing with herself, in all that related to the estate. She made him her equal, and gave him the same right she had herself.

There is only one case provided in the statutes, in which a party who has lost the right to represent an estate can after-

wards reclaim and regain it. That is where the person named. in a will as executor may be laboring under a disability from nonage, or alienage, or from being, a married woman, at the time of the first granting of letters testamentary, which disability shall be afterwards removed. In such case, it is provided, that such person may then apply for and receive supplementary letters testamentary, and be joined with the persons theretofore authorized to execute the will.

In the case where a relative or creditor, not first entitled to letters of administration on the goods of an intestate, applies for such letters, the surrogate is required to cite those having the prior right, who may not have renounced it. If no renunciation be filed, and no cause shown to the contrary by those cited, letters issue to the applicant or to the party next entitled, and it cannot be claimed that such letters may be revoked upon the subsequent appearance of the persons cited, with satisfactory security.

The power of the surrogate to revoke letters issued under fraud, misrepresentation or mistake of existing facts, is beyond question. But there appears to be none such in this case. It seems that the widow could not obtain the sureties on her first application to the surrogate without consenting to associate Mr. Owen with herself in the administration. Whether Mr. Owen (as she alleges, but he denies) has now induced them to withdraw as her sureties or not, does not affect the mere question of his or her right. Admitting that he has done so, his conduct could not, as claimed by the widow, create such a state of facts as would justify the revoking of his letters on the ground of fraud, false representation, or mistake of facts.

There is no remedy for the widow on this application, and the petition must be denied.